

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TOUR STRATEGY LLC, | § | |
| D/B/A REDAN BILINGUAL MEDIA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:18-CV-074-A |
| | § | |
| STAR-TELEGRAM, INC., ET AL., | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the motion of plaintiff, Tour Strategy LLC d/b/a Redan Bilingual Media, to remand the above-captioned action to the state court from which it was removed. Having considered such motion, the responses of defendants, Star-Telegram, Inc. ("STI") and McClatchy U.S.A., Inc. ("McClatchy") thereto, plaintiff's reply, the record, and applicable legal authorities, the court finds that plaintiff's motion to remand should be denied.

I.

Background

Plaintiff initiated the above-captioned action on May 23, 2016, by the filing of an original petition in the District Court of Dallas County, Texas, 116th District. The original petition named as defendant "Star-Telegram, d/b/a/ Fort Worth Star Telegram/La Estrella En Casa." On November 4, 2016, the action

was transferred to the District Court of Tarrant County, Texas, 153rd Judicial District. On December 5, 2016, plaintiff filed its first amended petition, naming as defendant STI. On December 18, 2017, plaintiff again amended its pleading by the filing of a second amended petition, this time adding as defendants McClatchy and Valassis Sales and Marketing Services, Inc. ("Valassis"). After being served with the second amended petition, McClatchy filed on February 2, 2018, its notice of removal based on diversity of citizenship, to which STI and Valassis consented. The notice of removal alleged complete diversity of citizenship and the requisite amount in controversy as to plaintiff's claims against the defendants.

II.

Grounds of the Motion

Plaintiff contends that remand of this action is proper because this court lacks subject matter jurisdiction over the claims alleged by plaintiff. Plaintiff argues that plaintiff and STI are both citizens of Texas,[1] with the result that complete diversity of citizenship between the parties does not exist.[2] More specifically, plaintiff contends that STI's principal place

---

[1] The parties do not dispute that STI is also a citizen of Delaware, its state of incorporation.

[2] The parties appear to be in agreement that diversity of citizenship exists between plaintiff, McClatchy, and Valassis.

2

of business is in Texas, and bases such position on various facts, including that "[t]he critical functions that go into making the Star-Telegram are directed and carried out in [Texas], and its meaningful decision-makers are here." Doc.[3] 14 at 1. STI and McClatchy contend that STI's principal place of business is not in Texas, but rather in California, where its "nerve center" is located.

III.

Applicable Legal Principles

A. Removal

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove to federal court any state court action over which the federal district court would have original jurisdiction. "The removing party bears the burden of showing that federal subject matter jurisdiction exists and that removal was proper." Manguno v. Prudential Prop. Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2001). "Moreover, because the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns, which mandate strict construction of the removal statute." Carpenter v. Wichita Falls Indep. Sch. Dist., 44 F.3d 362, 365-66 (5th Cir. 1995) (citation

---

[3]The "Doc.__" references are to the number assigned to the referenced items on the docket in this action, No. 4:18-CV-74-A.

3

omitted). Any doubts about whether removal jurisdiction is proper must therefore be resolved against the exercise of federal jurisdiction. Acuna v. Brown & Root Inc., 200 F.3d 335, 339 (5th Cir. 2000).

B.  Principal Place of Business Under 28 U.S.C. § 1332(c)(1)

For purposes of diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The Supreme Court has adopted the "nerve center" test for determining where a corporation's "principal place of business" lies. Hertz Corp. v. Friend, 559 U.S. 77, 80 (2010). Under this test, a corporation's "principal place of business" is defined as the place where "a corporation's officers direct, control, and coordinate the corporation's activities." Id. Typically, this place is "where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination . . . and not simply an office where the corporation holds its board meetings." Id. at 93. In adopting the "nerve center" test, the Court recognized that at times, application of the "nerve center" test would result in counterintuitive results, particularly in instances when command of a corporation is geographically dispersed. Id.

4

at 96. The Court gave the following illustration of when such a counterintuitive result might arise:

> [T]he use of a "nerve center" test may in some cases produce results that seem to cut against the basic rationale for 28 U.S.C. § 1332 . . . . For example, if the bulk of a company's business activities visible to the public take place in [one state], while its top officers direct those activities [from another], the "principal place of business" is [the second state].

Id. The court went on to explain that even a counterintuitive result should be recognized as correct:

> We understand that such seeming anomalies will arise. However, in view of the necessity of having a [clear] rule, we must accept them. Accepting occasionally counterintuitive results is the price the legal system must pay to avoid overly complex jurisdictional administration while producing the benefits that accompany a more uniform legal system.

Id.

IV.

Analysis

With this in mind, and having reviewed the applicable papers on file in this action, the court is satisfied that McClatchy and STI, who consented to McClatchy's notice of removal and responded to plaintiff's motion, have met their burden of establishing that complete diversity of citizenship between the parties in this action exists.[4]

---

[4] Although Valassis consented to McClatchy removing this action, it did not respond to plaintiff's motion to remand.

Plaintiff contends that STI's principal place of business is in Texas because its operations related to the creation, editing, publishing, and circulation of various publications, including the Star-Telegram, take place in Fort Worth. To support this position, plaintiff attached the affidavit of plaintiff's managing partner, Brent Murphy, printouts from the website for the Star-Telegram, a printout of STI's Better Business Bureau profile, and a printout of STI's Bloomberg Profile. See Doc. 15. Those documents establish among other facts that (1) STI publically lists as its address 808 Throckmorton Street in Fort Worth, Texas 76102; (2) STI creates, edits, publishes, and circulates the Star-Telegram and various other publications in Fort Worth; (3) Sean Burke, current president and publisher of the Star-Telegram maintains his office in Fort Worth; and (4) a variety of editors, reporters, and other high-ranking STI employees also maintain their offices in Fort Worth. Id.

Although these documents have some probative value as to the question of where STI's principal place of business lies, none of the facts established thereby, alone or together, are sufficient to overcome a finding that STI's headquarters, principal place of business, and nerve center, are in Sacramento, California. See Hertz, 559 U.S. at 95 (describing "a corporation's general business activities" as insufficient for determining its

"principal place of business"); Elizondo v. Keppel Amfels, L.L.C., No. 1:14-CV-220, 2015 WL 1976434, at *7 (S.D. Tex. May 1, 2015)(stating that "the fact that one of the three board members of the [c]orporation in this case works primarily in [the main office] is not conclusive; rather, it is where the officers who retain the ultimate control and authority and/or coordinate the big-picture activities [are]"); Balachander v. AET Inc. Ltd., No. H-10-4805, 2011 WL 4500048, at *10 (S.D. Tex. Sept. 27, 2011)("Hertz's clear emphasis is on where the corporation is actually controlled, not where buildings are located, or where the bulk of the corporation's operations are located.").

The evidence shows it is true that many daily and other tactical decisions take place at the STI's Fort Worth, Texas office. The court is nevertheless satisfied that the evidence in the record establishes that STI's principal place of business, or "nerve center," is in Sacramento, California. The court makes this determination based on the evidence submitted to the court by STI and McClatchy. All of STI's officers and directors, with the exception of Sean Burke, reside and conduct Star-Telegram business in Sacramento, California. Doc. 24 at 5-6, ¶¶ 9-10. From that location, all "important policy and high level decisions concerning [STI] are made." Doc. 24 at 6-7, ¶ 12. In other words, the officers and directors from Sacramento "direct,

7

control, and coordinate the corporation's activities." See Hertz, 559 U.S. at 80. The decisions made in Sacramento dictate STI's corporate strategy, company budget, accounting and finances, key personnel and human resources, and hiring, firing, and appointment of STI officers and other key personnel. Doc. 22 at 2, ¶ 3; Doc. 24 at 6-7, ¶ 12, & 12, ¶ 3. All decisions made by STI's president in Fort Worth are in furtherance of the decisions made in Sacramento. Id. at 7, ¶¶ 13 & 15, & 12-13, ¶¶ 5-7. His authority to make decisions is limited. Doc. 24 at 7, ¶ 13. Any decision made by him, or any other Fort Worth employee, is subject to review, reversal, and modification by STI's board members and officers in Sacramento. Id.

Based on this evidence, the court is satisfied that STI and McClatchy have met their burden of showing that STI's principal place of business is in California, with the result that diversity of citizenship exists between the parties and that the exercise of subject matter jurisdiction by this court is proper. This result may seem counterproductive given that almost all of STI's employees are located in Fort Worth and that most, if not all, of STI's visible business activities occur here as well, but such facts are not controlling for purposes of determining where STI's principal place of business lies for purposes of 28 U.S.C. § 1332(c)(1). Hertz, 559 U.S. at 91. The deciding factor is

only "where the corporation's high level officers direct, control, and coordinate the corporation's activities." <u>Id.</u>, at 80. The court is satisfied that Sacramento, California is that place.

V.

Order

Therefore, for the foregoing reasons,

The court ORDERS that plaintiff's motion to remand be, and is hereby, denied.

SIGNED April 16, 2018.

_____
JOHN McBRYDE
United States District Judge