U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 20 2018
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TOUR STRATEGY LLC, D/B/A REDAN BILINGUAL MEDIA, | § § § § § | |
| Plaintiff, | | |
| VS. | § § § § § § | NO. 4:18-CV-074-A |
| STAR-TELEGRAM, INC., ET AL., | | |
| Defendants. | | |

## MEMORANDUM OPINION
and
## ORDER

Before the court for consideration and decision is the motion of defendant McClatchy U.S.A., Inc. ("McClatchy"), to dismiss the claims of plaintiff, Tour Strategy LLC, d/b/a Redan Bilingual Media, against it. Having considered the motion, plaintiff's response thereto, McClatchy's reply, the applicable legal authorities, and the entire record, the court finds that the motion should be granted and that plaintiff's claims against McClatchy should be dismissed.

I.

### Background

Plaintiff initiated the above-captioned action on May 23, 2016, by the filing of an original petition in the District Court of Dallas County, Texas, 116th District. The original petition named as defendant "Star-Telegram, d/b/a/ Fort Worth Star Telegram/La Estrella En Casa." On November 4, 2016, the action

was transferred to the District Court of Tarrant County, Texas, 153rd Judicial District. On December 5, 2016, plaintiff filed its first amended petition, naming as defendant Star-Telegram, Inc. ("STI"). On December 18, 2017, plaintiff again amended its pleading by the filing of a second amended petition, this time adding as defendants McClatchy and Valassis Sales and Marketing Services, Inc. ("Valassis"). After being served with the second amended petition, McClatchy filed on February 2, 2018, its notice of removal based on diversity of citizenship, to which STI and Valassis consented. McClatchy then made a special appearance, moving the court to dismiss plaintiff's claims against it for lack of personal jurisdiction.

Plaintiff's live pleading is its second amended petition, filed in state court on December 18, 2017. See Doc.[1] 1-12, Exhibit D. In it, each of plaintiff's claims relate to disputes arising with respect to a two contracts, one between plaintiff and STI, and another between plaintiff and Valassis.

II.

Grounds of the Motion

McClatchy moves the court to dismiss plaintiff's claims against it pursuant to Rule 12(b)(2) of the Federal Rules of

---

[1] The "Doc.___" reference is to the number assigned to the referenced item on the docket in this action, No. 4:18-CV-74-A.

Civil Procedure. McClatchy argues it is not a citizen of Texas and has insufficient contacts with the claims asserted in the above-captioned action, the parties, the forum, and Texas, with the result that it cannot be subject to specific or general personal jurisdiction of this court.

III.

Applicable Legal Principles

The burden is on plaintiff to establish the court's jurisdiction over defendants. Wilson v. Belin, 20 F.3d 644, 648 (5th Cir. 1994); Stuart v. Spademan, 772 F.2d 1185, 1192 (5th Cir. 1985). Personal jurisdiction need not be established by a preponderance of the evidence at this stage; prima facie evidence is sufficient. WNS, Inc. v. Farrow, 884 F.2d 200, 203 (5th Cir. 1989). The court may resolve jurisdictional issues by reviewing pleadings, affidavits, exhibits, any part of the record, and any combination thereof. Command-Aire Corp. v. Ontario Mech. Sales & Serv., Inc., 963 F.2d 90, 95 (5th Cir. 1992). Allegations of plaintiff's complaint are taken as true except to the extent that they are contradicted by a defendant's evidence, such as affidavits. Wyatt v. Kaplan, 686 F.2d 276, 282-83 n.13 (5th Cir. 1982). Any genuine, material conflicts are resolved in favor of plaintiff. Jones v. Petty-Ray Geophysical Geosource, Inc., 954 F.2d 1061, 1067 (5th Cir. 1992).

In a diversity action, personal jurisdiction over a nonresident may be exercised if (1) the nonresident defendant is amenable to service of process under the law of the forum state, and (2) the exercise of jurisdiction under state law comports with the due process clause of the Fourteenth Amendment. <u>Wilson</u>, 20 F.3d at 646-47. Since the Texas long-arm statute has been interpreted as extending to the limits of due process, the only inquiry is whether the exercise of jurisdiction over the nonresident defendant would be constitutionally permissible. <u>Bullion v. Gillespie</u>, 895 F.2d 212, 216 (5th Cir. 1990).

For due process to be satisfied, a nonresident must have minimum contacts with the forum state resulting from an affirmative act on the defendant's part and the contacts must be such that the exercise of jurisdiction over defendant does not offend traditional notions of fair play and substantial justice. <u>Int'l Shoe Co. v. Washington</u>, 326 U.S. 310, 316 (1945). The "minimum contacts" prong of the due process requirement can be satisfied by a finding of either "specific" or "general" jurisdiction over the nonresident. <u>Bullion</u>, 895 F.2d at 216.

For specific jurisdiction to exist, the foreign defendant must purposefully do some act or consummate some transaction in the forum state and the cause of action must arise from or be connected with such act or transaction. <u>Burger King Corp. v.</u>

Rudzewicz, 471 U.S. 462, 475 (1985). Even if the controversy does not arise out of or relate to the nonresident's purposeful contacts with the forum, general jurisdiction may be exercised when the nonresident defendant's contacts with the forum are sufficiently continuous and systematic as to support the reasonable exercise of jurisdiction. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Perkins v Benguet Consol. Mining Co., 342 U.S. 437 (1952). When general jurisdiction is asserted, the minimum contacts analysis is more demanding and requires a showing of substantial activities within the forum state. Jones, 954 F.2d at 1068. As the Supreme Court has explained, the proper consideration when determining general jurisdiction is whether the defendant's affiliations with the state are so continuous and systematic as to render it "essentially at home" in the forum state. Daimler AG v. Bauman, 134 S. Ct. 746, 761 (2014)(quoting Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011)). For example, a corporation's place of incorporation and principal place of business are the places where it is at home and are thus paradigm bases for jurisdiction. Id. at 760. A corporation is not "at home" in every state where it engages in a substantial, continuous, and systematic course of business. Id. at 760-61, 762 n.20.

IV.

Analysis

A review of plaintiff's second amended petition and plaintiff's response to McClatchy's motion to dismiss reveal that plaintiff has not made the showing necessary to establish that McClatchy may properly be subject to the exercise of jurisdiction by this court. The second amended petition itself does not contain any factual allegations to support the exercise of personal jurisdiction over McClatchy, a nonresident,[2] in Texas. In fact, the fact section of such petition makes only two mentions of McClatchy, neither of which is sufficient to establish general or specific jurisdiction.[3] It is not enough for plaintiff to simply state that McClatchy engaged in some conduct, plaintiff must allege that McClatchy's conduct occurred in the forum state and gave rise to plaintiff's claims. Burger

---

[2]The parties do not appear to dispute that McClatchy is a nonresident.

[3]With regard to McClatchy, plaintiff states:

> On information and belief, an agreement existed between Valassis, McClatchy[,] and [Star-Telegram, Inc.] with regard to sales . . . that forced [plaintiff] . . . to buy ads . . . and these 'forced buys' effectively shut [plaintiff] out of the Thanksgiving Day market with Valassis.
>
> . . . .
>
> This interference by [Star-Telegram, Inc.], McClatchy[,] and Valassis . . . has not only caused Redan economic loss . . . but has also disrupted and damaged Redan's ongoing business reputation and relationship with Valassis.

Doc. 1-12, Exhibit D at ECF 14-15. The ECF page number reference is to the ECF header numbers at the tops of the pages in this case.

King Corp., 471 U.S. at 475. Alternatively, plaintiff must allege that McClatchy has "sufficiently continuous and systematic" contacts with Texas. Helicopteros, 466 U.S. at 416. Plaintiff's second amended petition alleged neither.

Plaintiff's response to McClatchy's motion to dismiss fares no better. It does not contest any fact or argument made in McClatchy's motion or the motion's attachments, nor was it supported by any evidence on the subject of personal jurisdiction.[4] The best plaintiff's response does is state that plaintiff has evidence that "McClatchy was substantially involved [in] the facts underlying this lawsuit." Doc. 16 at 1, ¶ 2 (internal quotation marks omitted). Plaintiff has not presented any factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts with Texas. See Monkton Ins. Servs., Ltd. v. Ritter, 768 F.3d 429, 434 (5th Cir. 2014). The fact that such evidence may exist somewhere does not cure plaintiff's deficiencies in establishing

---

[4]McClatchy, on the other hand, has provided evidence on the subject of personal jurisdiction. See Doc. 8. First, the declaration of R. Elaine Lintecum, who serves in high level positions at McClatchy, STI, and another company, stated that McClatchy's does no business in Texas, that no contract or affiliation has ever existed between McClatchy and plaintiff, and that McClatchy and STI are two separate and distinct entities, their only connection being that McClatchy owns, registers, and maintains STI's trademark. McClatchy also provided a copy of a form filed with the California Secretary of State, which shows McClatchy's address to be 2100 Q Street, Sacramento, California 95816 and corroborates that Elaine Lintecum is an officer of McClatchy, albeit in a different role from the one described in her declaration.

7

here that McClatchy may be properly subjected to the jurisdiction of this court.

The court notes that plaintiff states in its response that it believes McClatchy "appears to be hinting that [plaintiff] sued a McClatchy entity different than the one with whom Redan conducted business." Doc. 16 at 1, ¶ 2. The court has not found in any of the papers on file in this action indication that plaintiff named as a defendant any entity other than the entity it intended to name. Plaintiff further asks that it be granted leave to file an amended complaint naming the proper McClatchy entity. If plaintiff wants the court to consider this request, it should be submitted to the court in the proper form, rather than tacked on to a response to a motion. See Local Civil Rule LR 15.1(a).

V.

Order

For the foregoing reasons,

The court ORDERS that McClatchy's motion to dismiss be, and is hereby, granted, and all claims and causes of action asserted by plaintiff against McClatchy in the above-captioned action be, and are hereby, dismissed.

The court finds that there is no just reason for delay in,

and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against McClatchy.

The court further orders that from this point forward, the style of this action shall be "Tour Strategy LLC, d/b/a Redan Bilingual Media, Plaintiff, v. Star-Telegram, Inc., and Valassis Sales and Marketing Services, Inc., Defendants."

SIGNED April 20, 2018.

_____
JOHN McBRYDE
United States District Judge