IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



| | | |
|---|---|---|
| TOUR STRATEGY LLC, <br> D/B/A REDAN BILINGUAL MEDIA, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| VS. | § <br> § | NO. 4:18-CV-074-A |
| STAR-TELEGRAM, INC., ET AL., | § <br> § | |
| Defendants. | § | |

### MEMORANDUM OPINION AND ORDER

Came on for consideration the motions of defendants, Star-Telegram, Inc. ("STI"), and Valassis Sales and Marketing Services, Inc. ("Valassis"), to dismiss. The court, having considered the motions, the responses of plaintiff, Tour Strategy LLC d/b/a Redan Bilingual Media, the replies, the record, and applicable authorities, finds that STI's motion should be granted in part as set forth herein and that Valassis's motion should be granted in its entirety.

I.

### Plaintiff's Claims

This action was brought before the court by notice of removal filed February 2, 2018, by McClatchy U.S.A., Inc. ("McClatchy"), which is no longer a party to the action. Doc.[1] 1; Docs. 28 & 29. The record reflects that plaintiff filed its

---

[1] The "Doc.__" reference is to the number of the item on the docket in this action.

original petition in the District Court of Dallas County, Texas, 116th Judicial District, on May 23, 2016. Doc. 1, Ex. E-15. By order signed October 27, 2016, the action was transferred to Tarrant County, where is was assigned to the 153rd Judicial District. Id., Ex. E-16. On December 5, 2016, plaintiff filed its first amended petition. Id., Ex. E-20. On December 18, 2017, plaintiff filed its second amended petition, adding McClatchy and Valassis as defendants. Id., Ex. E-24.

Following removal, the denial of plaintiff's motion to remand, Doc. 27, and the dismissal of plaintiff's claims against McClatchy, Docs. 28 & 29, the court ordered the parties to replead in keeping with the requirements of the Federal Rules of Civil Procedure, the Local Civil Rules of this court, and the requirements of the undersigned. Doc. 30.

On May 4, 2018, plaintiff filed its amended complaint, Doc. 32. Plaintiff alleges: It entered into a contract with STI, reflected by Exhibits 1 and 2 to the amended complaint. STI breached the contract in numerous ways and acted in such a manner as to cause plaintiff to go out of business. Plaintiff asserts nine causes of action, six of them against STI alone. The causes of action against STI are for fraud in the inducement (Count Two), fraud by nondisclosure (Count Three), money had and received (Count Four), breach of fiduciary duty (Count Five),

tortious interference with existing contracts (Count Six), and tortious interference with prospective relations (Count Seven). In addition, plaintiff asserts breach of contract (Count One), violations of Section 1 of the Sherman Act, 15 U.S.C. § 1 (Count Eight), and violation of the Texas Free Enterprise and Antitrust Act of 1983, Tex. Bus. & Com. Code §§ 15.01-.52 ("TFEAA"), against both defendants.

II.

Grounds of the Motions

Each defendant asserts that plaintiff has failed to state any plausible claims against it.

III.

Applicable Pleading Standards

Rule 8(a)(2) of the Federal Rules of Civil Procedure provides, in a general way, the applicable standard of pleading. It requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks and ellipsis omitted). Although a complaint need not contain detailed factual allegations, the "showing" contemplated by Rule 8 requires the plaintiff to do more than

simply allege legal conclusions or recite the elements of a cause of action. Twombly, 550 U.S. at 555 & n.3. Thus, while a court must accept all of the factual allegations in the complaint as true, it need not credit bare legal conclusions that are unsupported by any factual underpinnings. See Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Moreover, to survive a motion to dismiss for failure to state a claim, the facts pleaded must allow the court to infer that the plaintiff's right to relief is plausible. Iqbal, 556 U.S. at 678. To allege a plausible right to relief, the facts pleaded must suggest liability; allegations that are merely consistent with unlawful conduct are insufficient. Id. In other words, where the facts pleaded do no more than permit the court to infer the possibility of misconduct, the complaint has not shown that the pleader is entitled to relief. Id. at 679. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

As the Fifth Circuit has explained: "Where the complaint is devoid of facts that would put the defendant on notice as to what

4

conduct supports the claims, the complaint fails to satisfy the requirement of notice pleading." Anderson v. U.S. Dep't of Housing & Urban Dev., 554 F.3d 525, 528 (5th Cir. 2008). In sum, "a complaint must do more than name laws that may have been violated by the defendant; it must also allege facts regarding what conduct violated those laws. In other words, a complaint must put the defendant on notice as to what conduct is being called for defense in a court of law." Id. at 528-29. Further, the complaint must specify the acts of the defendants individually, not collectively, to meet the pleading standards of Rule 8(a). See Griggs v. State Farm Lloyds, 181 F.3d 694, 699 (5th Cir. 1999); see also Searcy v. Knight (In re Am. Int'l Refinery), 402 B.R. 728, 738 (Bankr. W.D. La. 2008).

Rule 9(b) sets forth the heightened pleading standard imposed for fraud claims: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The Fifth Circuit requires a party asserting fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." Hermann Holdings, Ltd. v. Lucent Techs., Inc., 302 F.3d 552, 564-65 (5th Cir. 2002)(internal quotations and citations omitted). Succinctly stated, Rule 9(b) requires a party to identify in its pleading

5

"the who, what, when, where, and how" of the events constituting the purported fraud. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 339 (5th Cir. 2008). Rule 9(b) applies to all cases where the gravamen of the claim is fraud even though the theory supporting the claim is not technically termed fraud. Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998). Claims alleging violations of the Texas Insurance Code and the Texas DTPA as well as those for fraud, fraudulent inducement, fraudulent concealment, and negligent misrepresentation are subject to the requirements of Rule 9(b). Berry v. Indianapolis Life Ins. Co., 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009); Frith, 9 F. Supp. 2d at 742.

In considering a motion to dismiss for failure to state a claim, the court may consider documents attached to the motion if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims. Scanlan v. Tex. A&M Univ., 343 F.3d 533, 536 (5th Cir. 2003). The court may also refer to matters of public record. Davis v. Bayless, 70 F.3d 367, 372 n.3 (5th Cir. 1995); Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). This includes taking notice of pending judicial proceedings. Patterson v. Mobil Oil Corp., 335 F.3d 476, 481 n.1 (5th Cir. 2003). And, it includes taking notice of governmental websites.

Kitty Hawk Aircargo, Inc. v. Chao, 418 F.3d 453, 457 (5th Cir. 2005); Coleman v. Dretke, 409 F.3d 665, 667 (5th Cir. 2005).

IV.

Analysis

A. Count One

To establish breach of contract, plaintiff must show (1) existence of a valid contract, (2) performance or tendered performance by plaintiff, (3) breach of the contract by defendant, and (4) resulting damages to plaintiff. Lewis v. Bank of Am., N.A., 343 F.3d 540, 544-45 (5th Cir. 2003); Rice v. Metro. Life Ins. Co., 324 S.W.3d 660, 666 (Tex. App.--Fort Worth 2010, no pet.).

Plaintiff admits that its breach of contract claims against STI are based not on prior representations, but on the terms of the written agreements between them. Doc. 40 at 11. Although not articulately or logically pleaded, plaintiff's amended complaint states a claim against STI for breach of contract.

As for Valassis, plaintiff has not pleaded facts to establish a contract between the two, much less the other elements of a claim. The insert agreements, Doc. 36, reflect that Valassis placed the orders as agent for the named advertisers. And these agreements reflect that they are directed to En Casa, a publication of STI, at STI's address. Thus, it appears that both

7

plaintiff and Valassis were acting as agents for known principals. As Valassis notes, an agent does not become party to, or liable for claims arising out of, its principal's contracts. Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc., 334 F.3d 423, 428 (5th Cir. 2003); Pension Advisory Grp., Ltd. v. Country Life Ins. Co., 771 F. Supp. 2d 680, 705 (S.D. Tex. 2011).

B.  Count Two

The elements of a claim for fraud in the inducement are: (1) defendant made a representation; (2) the representation was false; (3) the representation was material; (4) defendant made the representation knowing it was false or made it recklessly, as a positive assertion, without knowledge of its truth; (5) defendant made the representation with the intent that plaintiff act on it; (6) plaintiff relied on the representation; and, (7) plaintiff suffered damage as a result. Zorrilla v. Aypco Constr. II, LLC, 469 S.W.3d 143, 153 (Tex. 2015). With regard to reliance, plaintiff must show that it actually relied on the representation and that its reliance was justifiable. JPMorgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C., No. 15-0712, 2018 WL 1440625, at *4 (Tex. Mar. 23, 2018). And, as set forth above, fraud must be pleaded with particularity. Fed. R. Civ. P. 9(b).

Despite plaintiff's argument to the contrary, the facts pleaded by plaintiff do not set forth the "who, what, when, where, and how" of the fraud in the inducement claim. The only seemingly specific allegation is that in May 2015 STI's officers, including Christian Lee, Don Burk, and Steffanie Striker, informed plaintiff that En Casa's audited circulation was 121,488. Doc. 32, ¶ 16. The same paragraph says that an audit report on March 31, 2015, reflected circulation of 112,002. Thus, plaintiff's own pleading raises the issue of whether its reliance could be justifiable. And, it would appear that a representation made in May necessarily occurred after the effective date of the contract. Id., Ex. 1. Further, the complaint makes plain that all of the alleged misrepresentations together caused plaintiff to enter into the contract. There is no allegation that the single representation described in paragraph 16 would have been sufficient. Plaintiff has not pleaded the time, place, or contents of the other misrepresentations, the identities of the persons making them, or what those persons gained thereby. See Williams v. WMX Techs. Inc., 112 F.3d 175, 177 (5th Cir. 1997).

C. Count Three

The elements of fraud by nondisclosure are: (1) defendant concealed or failed to disclose a fact; (2) defendant had a duty to disclose the fact; (3) the fact was material; (4) defendant

9

knew that plaintiff was ignorant of the fact and did not have an equal opportunity to discover the fact; (5) defendant was deliberately silent; (6) plaintiff was induced to take some action or refrain from acting; (7) plaintiff relied on the nondisclosure; and (8) plaintiff suffered damage as a result. Dorsey v. Portfolio Equities, Inc., 540 F.3d 333, 341 (5th Cir. 2008); In re C.M.V., 479 S.W.3d 352, 362 (Tex. App.--El Paso 2015, no pet.).

Although plaintiff itself emphasizes the requirement of a duty to disclose, Doc. 40 at 15-16, it has not pleaded facts to establish such a duty. For example, plaintiff alleges that STI had a special relationship with plaintiff that imposed a duty to speak, id. at 19, but no facts are alleged to establish such relationship. See, e.g., Schlumberger Tech. Corp. v. Swanson, 959 S.W.2d 171, 176-77 (Tex. 1997)(to impose a fiduciary relationship in a business context, the relationship must exist prior to and apart from the agreement made basis of the action). The contract itself belies the allegation of paragraph 10 of the amended complaint that the agreement was a partnership agreement. Nor does plaintiff explain what new information STI was required to disclose. For example, plaintiff refers to the representation that En Casa would not be converted to a bilingual publication during the third or fourth quarters of 2015 or the first quarter

10

of 2016, Doc. 40, ¶ 19, but plaintiff does not plead that it was so converted during that time.[2]

D. Count Four

The elements of a claim for money had and received are that (1) defendant holds money and (2) the money in equity and good conscience belongs to plaintiff. Staats v. Miller, 243 S.W.2d 686, 687-88 (Tex. 1951); Norhill Energy LLC v. McDaniel, 517 S.W.3d 910, 917 (Tex. App.--Fort Worth 2017, pet. denied).

Here, plaintiff has pleaded that it sold advertising to Valassis, but STI instructed Valassis not to pay plaintiff but to pay STI instead. Plaintiff says that STI has never paid it for the sale of the advertising. Plaintiff has stated a plausible claim.

E. Count Five

The elements of a claim for breach of fiduciary duty are (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages. First United Pentecostal Church v. Parker, 514 S.W.3d 214, 220 (Tex. 2017). To impose a fiduciary relationship in a business context, the relationship must exist prior to, and apart from, the agreement made the basis of the suit. Schlumberger Tech. Corp., 959 S.W.2d at 177. A fiduciary

---

[2]Plaintiff only says that the conversion occurred in early 2016. Doc. 40, ¶ 21.

11

duty will not be lightly created. ARA Auto. Grp. v. Cent. Garage, Inc., 124 F.3d 720, 723 (5th Cir. 1997).

Here, despite plaintiff's argument to the contrary, it has not pleaded facts that would support imposition of a fiduciary duty. In particular, the contract belies any claim that plaintiff and STI were partners or joint venturers. Doc. 32, Ex. 1 at unnumbered fourth and fifth pages, reflecting that the parties are independent contractors, each operating independent businesses. Further, plaintiff recites instances of reason for distrust existing before agreeing to the contract at issue. See, e.g., Doc. 32, ¶¶ 8-9.

F. Count Six

The elements of a claim for tortious interference with an existing contract are: (1) a contract subject to interference, (2) a willful and intentional act of interference, (3) proximate cause, and (4) actual damages or loss. Butnaru v. Ford Motor Co., 84 S.W.3d 198, 207 (Tex. 2002); Prudential Ins. Co. of Am. v. Fin. Review Servs., Inc., 29 S.W.3d 74, 77 (Tex. 2000).

Plaintiff has pleaded that it had contracts with Valassis and with EPMG and that STI tortiously interfered with those contracts. Plaintiff has not pleaded that Valassis tortiously interfered with any contract between plaintiff and another person. A party cannot tortiously interfere with its own

12

contract. Del Carmen Flores v. Summit Hotel Grp., 492 F. Supp. 2d 640, 644 (W.D. Tex. 2006).

G. Count Seven

The elements of a claims for tortious interference with prospective business relations are: (1) a reasonable probability that plaintiff would have entered into a business relationship with a third party; (2) defendant intentionally interfered with the relationship; (3) defendant's conduct was independently tortious or unlawful; (4) the interference proximately caused the plaintiff's injury; and (5) plaintiff suffered actual damages or loss as a result. D'Onofrio v. Vacation Publications, Inc., 888 F.3d 197, 214 (5th Cir. 2018); Coinmach Corp. v. Aspenwood Apartment Corp., 417 S.W.3d 909, 923 (Tex. 2013).

Plaintiff has pleaded sufficient facts to state a claim for tortious interference by STI with plaintiff's prospective relations with Valassis.[3]

H. Counts Eight and Nine

To establish a violation of Section 1 of the Sherman Act, plaintiff must show: (1) an agreement, conspiracy, or combination of two or more persons or distinct business entities, (2) which is intended to harm or unreasonably restrain competition, and (3)

---

[3]Contrary to plaintiff's argument in its response, Doc. 40 at 20, it has not pleaded a claim for tortious interference with prospective relations with Motivate, Inc. Doc. 32 at 23.

which actually causes injury to competition, beyond the impact of the claimant, within a field of commerce in which plaintiff is engaged. Payne v. Columbia Plaza Med. Cntr., No. 4:01-CV-382-A, 2002 WL 1315801, at *2 (N.D. Tex. June 11, 2002)(citing Austin v. McNamara, 979 F.2d 728, 738 (9th Cir. 1992)). A claim under the TFEAA requires the same elements of proof. Alternatives Unlimited, Inc. v. Grp. Excellence, Ltd., No. 3:10-CV-02283-BF, 2012 WL 715970, at *6-7 (N.D. Tex. Mar. 5, 2012).

STI says that plaintiff lacks standing to bring its antitrust claims. To have standing, plaintiff must suffer an antitrust injury, i.e., damages must flow from the anticompetitive conduct. Digital Recognition Network, Inc. v. Accurate Adjustments, Inc., No. 4:14-CV-903-A, 2016 WL 1023316, at *4 (N.D. Tex. Mar. 8, 2016). Here, plaintiff does not allege that it was forced to buy anything. Rather, the harm alleged was to Valassis. More importantly, plaintiff has not pleaded an agreement, conspiracy, or combination between STI and Valassis (or anyone else) intended to harm or unreasonably restrain competition.[4] Rather, the injury alleged results solely from the conduct of STI. And, plaintiff has failed to plead the relevant product and geographic markets. See Doc. 35 at 13-15.

---

[4] The apparent contention that Valassis would conspire or enter into an agreement to harm itself and its customers is nonsensical.

14

I.  Damages

Finally, the STI's motion addresses the exemplary damages and attorney's fees sought by plaintiff. Disposition of these matters would be premature in light of the court's ruling herein.

V.

Order

The court ORDERS that the motion of STI to dismiss be, and is hereby, granted in part and plaintiff's claims against STI asserted in Count Two for fraud in the inducement, Count Three for fraud by nondisclosure, Count Five for breach of fiduciary duty, Count Eight for violation of the Sherman Act, and Count Nine for violation of the TFEAA be, and are hereby, dismissed.

The court further ORDERS that the motion of Valassis to dismiss be, and is hereby, granted in its entirety and plaintiff's claims against Valassis be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to the dismissal of plaintiff's claims against Valassis.

SIGNED July 3, 2018.

JOHN McBRYDE
United States District Judge